IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRING DIVISION

DWIGHT R. HOUSTON                                               PLAINTIFF

        v.                  Civil No. 6:14-cv-06137

ARKANSAS DEPARTMENT OF CORRECTION;
WENDY L. KELLY, Director; RAY L. GRIFFIN,
Deputy Director; GRANT HARRIS, Assistant Director;
G. MUSSELWHITE, Assistant Warden; D. GOLDEN,
Deputy Warden; CAPTAIN COUCH; CAPTAIN KING;
CAPTAIN CROSBY; LIEUTENANT CARL; LIEUTENANT
CLARK; SERGEANT CLARK; SERGEANT KEENER;
CRYSTAL LITTLETON; JOHN DOE DEFENDANTS
(Unknown in Number); CORRECT CARE SOLUTIONS;
JOHN DOE, Corporate Director; GEORGE WILSON,
Regional Director; ANDREA BEASLEY, Healthcare
Administrator; DR. MCKINNEY; DR. VOWELL;
NURSE GIFFORD; NURSE HUTCHERSON; DR. SELL;
EMMA HAMER; MR. DEBOER; DR. MURPHY; DR.
HOLITIK; DR. McDONALD; NURSE CANOE;
MS. LANGLEY; OFFICER BALL; OFFICER LION;
OFFICER LOCKE; NURSE CONYALAS; MR. D. YOUNG;
SERGEANT DELANEY; LIEUTENANT McGHEE;
OFFICER POWELL; and NURSE KEATING                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Plaintiff is incarcerated in the Arkansas Department of Correction but currently housed at the Bowie County Correctional Center located in Texarkana, Texas. The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from

a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**(1). Background**

In the complaint and supplement, Plaintiff alleges that his constitutional rights are being violated in the following ways: (a) he is being denied adequate medical care; (b) he is being denied adequate dental care; (c) he has been retaliated against for utilizing the grievance procedure; (d) the grievances he has filed have disappeared; (e) he has been harassed; and (f) excessive force was used against him.

Because the verbose and at times rambling complaint (ECF No. 1) and supplement (ECF No. 8) were together one hundred and five pages long, the Court prepared a questionnaire that when completed by the Plaintiff would be filed as an addendum to the complaint.  The purpose of the questionnaire was to require the Plaintiff to clarify and concisely state his claims against each named Defendant.  Plaintiff was also instructed to limit his claims to those involved in his care or treatment at the Ouachita River Unit.  Plaintiff has now filed the addendum (ECF No. 16).

In the addendum (ECF No. 16), Plaintiff lists the following additional Defendants: Dr. Murphy; Dr. Holitik; Dr. McDonald; Nurse Canoe; Ms. Langley; Officer Ball; Officer Lion; Officer Locke; Nurse Conyalas; Nurse Keating; Ms. D. Young; Sergeant Delaney; Lieutenant McGhee; and Officer Powell; and Nurse Keating.

**(2). Discussion**

As noted above, under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**(A).  Denial of Medical or Dental Care**

Plaintiff contends he has the following serious medical conditions: "sinusitis; uncontrolled hypertension; oral ulcers; left shoulder/arm--possible nerve related & refracture to area previously broken with bullet in shoulder; medical shoes; severe headaches; and anxiety; folliculitis; [and] allergy to bleach." ECF No. 16 at ¶ 1(A). Additionally, he states he has the following serious dental conditions: the need for tooth extractions; gum disease; need for partial plates--approximately "eight jaw teeth gone which are needed to chew." *Id.* at ¶ 2(A).

"Deliberate indifference to an inmate's serious medical [or dental] needs violates the Eighth Amendment." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007)("dental care is an important part of proper health care"). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component:  'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"Deliberate indifference entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004)(internal quotation marks and citation omitted).

Here, Plaintiff names not only the medical professionals who were involved in his medical

or dental treatment as Defendants; he also names non-medical professionals whose only involvement was the review of grievances the Plaintiff filed. It is well settled that a public official may not be held liable under § 1983 on a *respondeat superior* theory. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1983). A "warden or other prison director, lacking professional medical expertise, would not be liable on agency principles for any constitutional wrong." *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989). Those involved only in the review of grievances have no personal involvement in the medical diagnoses or treatment decisions.

"If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing the prisoner is in capable hands. . . . [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)(parenthetical omitted). Plaintiff's denial of medical/dental care claims against Wendy L. Kelly, Roy L. Griffin, Grant Harris, G. Musselwhite, Deputy Warden D. Golden, Sergeant Clark, Crystal Littleton, Andrea Beasley, Captain Couch, Captain Crosby, Lieutenant Carl, George Wilson, and Emma Hamer are based solely on the fact that they responded unfavorably to his grievances. Plaintiff has not alleged any facts showing personal involvement of these defendants other than their unfavorable responses to his grievances. The denial of medical/dental care claims against these non-medical care provider defendants should be dismissed.

Plaintiff has, however, stated a denial of medical care claim against Captain King. Plaintiff maintains that despite having been ordered to provide medical shoes to the Plaintiff, King delayed several months in doing so.

**(B). Retaliation Claim**

Plaintiff alleges that after the filed grievances and reached step two in the process on May 12, 2014, he began to be retaliated against. ECF No. 16 at ¶ 4(A). Plaintiff maintains that he

suffered the following retaliatory conduct: he was not treated for high blood pressure on May 16th; he was denied a lay in that same day; his emergency grievance was not processed; he was forced to work while his blood pressure was high; he was moved from the West side dish room to the East side dish room where he was exposed to higher levels of bleach, there was an excessive amount of steam due to the poor condition of the dishwasher, and the work was harder; he was threatened with disciplinaries; and he was instructed to use the sick call process even though he alleged he had submitted requests for treatment for traumatic mouth ulcers. He alleges the following Defendants participated in these retaliatory actions: Nurse Canoe; Ms. Langley; Security Officer Ball; Security Officer Lion; Security Officer Locke; Nurse Conyalas; Nurse Keating; Ms. D. Young; Dr. Murphy; Dr. Holitik; Captain King; Captain Crosby; Lieutenant Carl; Sergeant Clark; Sergeant Keener; and Crystal Littleton.

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001)(citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)(same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id.; see also Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994)("[W]hen retaliatory conduct is involved, there is no independent injury requirement.").

To state a First Amendment retaliation claim, Plaintiff must allege sufficient facts to plausibly show that: (1) he engaged in protected activity; (2) the defendants in response took adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) his protected activity was the cause of the retaliation. *See Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994)(threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).

In this case, the Plaintiff has shown that he engaged in protected conduct *i.e.,* he filed

grievances. However, he has made only the most conclusory allegations of retaliatory conduct and has not alleged any facts indicating a casual link between his protected activity and the alleged retaliatory conduct. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted). Plaintiff's claims of retaliation should be dismissed.

### (C). Grievance Procedure

Plaintiff alleges his grievances were improperly processed, erroneously processed, routinely affirmed on appeal without sufficient investigation, and some even disappeared. He alleges Wendy Kelly, Ray Griffin, Grant Harris, D. Golden, G. Musselwhite, Captain Couch, Lieutenant Carl, Lieutenant Clark, Sergeant Clark, Sergeant Keener, Crystal Littleton, Andrea Beasley, Nurse Hutchinson, Dr. Sell, Emma Hamer, and Mr. Deboer all interfered with the processing of his grievances.

Without more, a failure to process a grievance or other inadequacies in the grievance procedure do not state a claim of constitutional dimension. *Buckly v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted); *see also Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress

through a right of access to the courts." *Blagman*, 112 F. Supp. 2d at 542 (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." Id. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). This claim fails as a matter of law.

**(D). Harassment**

Plaintiff states he was harassed in the following ways: he was ordered not to make copies of grievances; he was harassed about performing work that did not take into consideration his medical restrictions; he was laughed at; he was constantly picked on; he was questioned about conversations he had; and snide remarks were made about him as he was being transferred. He indicates he was harassed by the following Defendants: Captain King; Ms. Langley; Officer Ball; Officer Lion; Sergeant Delaney; Officer Locke; Officer Powell; Dr. Sell; Lieutenant Carl; and Lieutenant McGhee.

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress,

terrorized him with threats of death."). No plausible constitutional claim exists based on these allegations.

### (E). Excessive Force

Plaintiff's final claim is that Delaney used excessive force against him on May 18, 2014. Plaintiff believed he had been given lay in and did not report to work. Plaintiff states he put his hands behind his back but advised Delaney of the problems he had with his shoulder and arm. As they were going down the stairs, Plaintiff states he stepped down but Delaney did not step down with him and Delaney was holding up on the cuffs. ECF No. 16 at ¶¶ 7(A)-(B).

Plaintiff indicates he had previously suffered a serious injury to his left arm and shoulder. *Id.* at ¶ 7(B). Plaintiff believes Delaney's actions resulted in a re-fracture of his left humerus, damage to his rotator cuff, and possible nerve damage. A plausible claim has been stated for excessive force.

### (F). Arkansas Department of Correction

The claims against the Arkansas Department of Correction are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599 -600 (8th Cir. 1992) (*citing Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

Plaintiff's claims against an agency of the state are the equivalent of a suit against the state and Eleventh Amendment immunity precludes such claims. *See Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998)(the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998)(Eleventh Amendment

immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights). These claims should be dismissed.

### (3). Conclusion

For the reasons stated, I recommend that: (1) all retaliation claims be dismissed; (2) all grievance procedure claims be dismissed; (3) all harassment claims be dismissed; and (4) the claims against the Arkansas Department of Correction be dismissed. This would result in the dismissal of all claims against the following Defendants: the Arkansas Department of Correction; Director Wendy L. Kelly; Deputy Director Ray L. Griffin; Assistant Director Grant Harris; Assistant Warden G. Musselwhite; Deputy Warden D. Golden; Captain Couch; Captain Crosby; Lieutenant Carl; Sergeant Clark; Sergeant Keener; Crystal Littleton; Regional Director George Wilson; Dr. McKinney; Nurse Gifford; Nurse Hutcherson; Emma Hamer; Lieutenant Clark; Dr. Murphy; Dr. Holitik; Nurse Canoe; Ms. Langley; Officer Ball; Officer Lion; Officer Locke; Nurse Conyalas; Ms. D. Young; Lieutenant McGhee; Officer Powell; and Nurse Keating.

By separate order, service will be directed on Correct Care Solutions, Captain King, Healthcare Administrator Andrea Beasley, Dr. Vowell, Dr. Sell, Mr. Deboer, and Dr. McDonald, on the denial of medical/dental care claims. Sergeant Delaney will be served on the excessive force claim.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of June 2015.

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE