IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DWIGHT R. HOUSTON          PLAINTIFF

v.          Case No. 6:14-cv-6137

CORRECT CARE SOLUTIONS, *et al.*          DEFENDANTS

## ORDER

Plaintiff Dwight R. Houston submitted this *pro se* action for filing on October 14, 2014.[1] Currently before the Court is Plaintiff's failure to prosecute this case and Plaintiff's failure to comply with the Court's Order to Communicate. (ECF No. 101).

On August 25, 2016, the Court entered an order scheduling a summary judgment hearing in Hot Springs, Arkansas on November 9, 2016. (ECF No. 93). On October 21, 2006, the Court entered an Order to Communicate, directing Plaintiff to advise the Court by October 31, 2016, whether he intended to appear for the hearing. (ECF No. 101). Plaintiff was also directed to provide the Court with a telephone number at which he could be reached. Plaintiff did not respond to the Order to Communicate. For this reason, the summary judgment hearing was cancelled.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] Plaintiff was incarcerated at the time he filed his complaint, but he was subsequently released. Plaintiff's most recent address of record indicates that he lives in Clarendon, Arkansas. (ECF No. 84).

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Although dismissal for failure to follow a court order is a drastic remedy, it is appropriate when a *pro se* party has been given repeated opportunities to comply with a court order and has been warned about the consequences of noncompliance. *Id.* at 804 (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)).

Plaintiff has failed to prosecute this case and has failed to comply with the Court's Order to Communicate. (ECF No. 101). This is not the first order that Plaintiff has failed to timely comply with. The Court previously issued Show Cause Orders regarding Plaintiff's failure to timely comply with two other orders, warning him of the consequences for failure to comply. (ECF Nos. 14, 72). Accordingly, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of November, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge